IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **In Home Program, Inc. d/b/a MARSCare** | : | |
| | : | |
| Debtor. | : | **Bankruptcy No. 24-11991** |
| | : | **(AMC)** |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

This matter is before the Court on the motion of In Home Program, Inc. d/b/a MARSCare (the "Debtor") for authority to use cash collateral and pay prepetition employment obligations on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. §363(c)(2)(B) (the "Motion"). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to (1) Counsel for the Office of the United States Trustee, (2) Counsel for or Representative of the Lender, (3) The Debtor's Top Twenty Unsecured Creditors, and (4) the Rule 2002 list of creditors. The Court, having considered the motion and any objections thereto, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Notice and Hearing**. Notice of the motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), or if by Consent, under Federal Rule of Bankruptcy Procedure 4001(d) which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.  **Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on June 10, 2024 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.  **Cash Collateral**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Sections 9-102 and 9-315.

D.  **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit "A", for the time period from the Petition Date through June 30, 2024 (the "Budget").

F.  **Purposes**. The Debtor is authorized to use cash collateral as indicated in the budget. The Court having been informed that the parties have indicated consent hereto, and for good cause shown,

IT IS on this _____ day of June, 2024,

ORDERED as follows:

1. **Use of Cash Collateral**. The Debtor is authorized to use cash collateral through June 30, 2024, solely in accordance with the Cash Collateral Budget attached hereto as Exhibit "A" and subject to compliance with the further terms and provisions of this Order.

2. **Adequate Protection**. As adequate protection for use of cash collateral, the Lenders and Non-Traditional Lenders are GRANTED:

   a. **Replacement Lien**. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Lender's or Non-Traditional Lender's cash collateral is used by the Debtor, to the extent and validity and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that the Lender and Non-Traditional Lender held in the Debtor's pre-petition collateral, subject to payments due under 28 U.S.C. § 1930(a)(6). To the extent any other creditor holds or asserts a lien position in cash collateral, such creditor shall receive a replacement lien to the same extent, priority and validity as it existed pre-petition.

   b. **Statutory Rights Under Section 507(b)**. To the extent the adequate protection provided for hereby proves insufficient to protect the Lenders' and Non-Traditional Lender's interests in and to the cash collateral, they shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding, subject to payments due under 28 U.S.C. § 1930(a)(6).

   c. **Deemed Perfected**. The replacement liens and security interests granted herein are automatically deemed perfected upon entry of this Order without the necessity of the Lender and Non-Traditional Lender taking possession, filing financing statements, mortgages or other documents.

3.     **Creditor's Rights of Inspection and Audit**.  Upon reasonable notice by the Lender, Non-Traditional Lender, or the Official Committee of Unsecured Creditors, should one be appointed, Debtor shall permit such party and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of Collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements.  At any reasonable time, Debtor shall permit the Lender or Non-Traditional Lender and any of their agents access to inspect the Collateral.

4.     **Payment of Prepetition Employee Obligations**.  The Debtor is authorized to pay Unpaid Compensation accruing from June 1, 2024 through June 8, 2024 (the "Prepetition Employee Obligation") in the approximate amount of $86,436.00 on or about June 13, 2024 and the subsequent payroll for the dates of June 9 and June 10 as evidenced by the budget attached hereto as Exhibit "A".  Moreover, the Debtor is directed to pay Prepetition Employee Obligations and related taxes and benefits and to continue the related employment benefit policies.  Lastly, this Order, as it pertains to the payment of Prepetition Employee Obligations, is entered *nunc pro tunc* to the Petition Date.

5.     **Interlocutory Order and No Modification of Creditors' Adequate Protection**. This is an interlocutory order.  Nothing contained herein shall be deemed or construed to (a) limit the Lenders and Non-Traditional Lenders to the relief granted herein; or (b) bar the Lenders and Non-Traditional Lenders from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same.  The Order may be modified for cause shown by the Debtor, the Lenders and Non-Traditional Lenders, or any other party-in-interest on due notice. No such modification, however, shall deprive Lenders and Non-Traditional Lenders of their respective interests in Debtor's property.

## FURTHER INTERIM HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN

That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the _____ day of ____, 2024, at 5:00 p.m., a written objection and shall appear to advocate said objection at a Further Interim Hearing to be held at _____ a./p.m. on the ___ day of _____, 2024 in Courtroom __ of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice by first class mail within five (5) business day from the date hereof, on the following: (1) the United States Trustee, (2) Counsel for or a representative of the Lender and Non-Traditional Lenders, and (3) any other interested party. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

BY THE COURT:

_____
Hon. Ashely M. Chan
United States Bankruptcy Judge

Dated: _____